**Affirmed; Concurring Opinion filed August 29, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-17-00674-CR

**LEMANDALE DEWAYNE BRAGGS A/K/A LEMANDALE DWAYNE BRAGGS, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-1964**

## CONCURRING OPINION

Braggs was found guilty of possessing 1.18 grams of methamphetamine—a third degree felony. His sentence was enhanced by two prior felony convictions, resulting in 99 years' imprisonment. I agree with the majority that this issue was neither preserved for review at the trial court nor adequately briefed on appeal. I write separately to emphasize the importance of error preservation and adequate briefing when the sentence could be grossly disproportionate to the offense.

The legislature has the power to determine the range of punishment for a particular offense; the jury has the power to assess the punishment; the trial court has the power to sentence the defendant. But all of these powers are subject to constitutional limitations, and it is our duty to review the facts of the case and determine whether such limitations have been exceeded. Under certain circumstances, a sentence could be so excessive in relation to the offense that it constitutes cruel and unusual punishment in violation of the United States and Texas Constitutions. The concept of proportionality is central to the Eighth Amendment. *Graham v. Florida*, 560 U.S. 48, 59 (2010). Embodied in the Constitution's ban on cruel and unusual punishments is the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Weems v. United States*, 217 U.S. 349, 367 (1910).

The Supreme Court in *Solem v. Helm* set forth several factors to consider in analyzing proportionality claims:

1. The gravity of the offense and the harshness of the penalty;
2. The sentences imposed on other criminals in the same jurisdiction; and
3. The sentences imposed for commission of the same crime in other jurisdictions.

463 U.S. 277, 290–92 (1983).

Braggs received near the maximum sentence for a nonviolent drug offense. Based on the record before me today, I have no information or argument with which to analyze the constitutionality of Braggs's sentence, including sentences of similarly situated individuals in Texas, the federal system, and in other states. Therefore, I must concur.

/s/     Frances Bourliot
        Justice


Panel consists of Justices Christopher, Bourliot and Spain. (Bourliot, J., concurring.)

Do Not Publish — TEX. R. APP. P. 47.2(b).